UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MONTES ZEPEDA, Individually and as Successor in Interest to the Estate of DAIANA DIAZ MONTES, Decedent,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | No. 2:25-cv-03299-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |

In 2024, Daiana Montes was a pretrial detainee in the Stanislaus County Jail for less than two months. See ECF No. 63, First Amended Complaint ("FAC") ¶¶ 14, 44-48. Two weeks after her release from custody, she passed away. Id. ¶ 102. This case stems from her death and the medical treatment she received while in custody. See generally FAC.

Plaintiff Sonia Zepeda is the decedent's mother. FAC ¶ 5. The named defendants are the County of Stanislaus, California Forensic Medical Group Inc. ("CFMG"), and fourteen CFMG employees. See id. Thirteen of the CFMG employees, nurses and one LFMT, join CFMG in moving to dismiss some or all of the

claims against them in Plaintiff's FAC. The matter is fully briefed. See ECF No. 69, Defendants' Motion to Dismiss ("Mot."); ECF No. 73, Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opp'n"); ECF No. 74, Defendants' Reply in Support of their Motion to Dismiss ("Reply"). For the reasons detailed below, Defendants' motion is granted.[1]

## I. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations

[1] This motion was determined to be suitable for decision without oral argument. See ECF No. 78; E.D. Cal. L.R. 230(g).

omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B. Analysis

1. Counts One-Six: § 1983 Claims Against CFMG

Defendant CFMG moves to dismiss Plaintiff's first six claims, arguing the FAC only contains allegations against CFMG staff, and since Counts One through Six are based solely on theory of *respondeat superior*, they therefore fail as a matter of law. See Mot. at 7-9. Plaintiff does not directly address this in her Opposition as to Counts One through Four, instead focusing on the conduct of and allegations against the individual CFMG nurses and LFMT. See Opp'n. As to Counts Five and Six, Plaintiff claims the FAC includes allegations "plead [*sic*] with sufficient specificity [regarding] the policies, customs, or practices that were the 'moving force' behind . . ." the CFMG Defendants' conduct that allegedly resulted in Plaintiff's daughter's death. See Opp'n at 13.

Municipalities, and in some cases government contractors like CFMG, may be subject to liability under 42 U.S.C. § 1983 when "action pursuant to an official municipal policy of some nature caused a constitutional tort," Monell v. Dep't of Social

Servs., 436 U.S. 658, 691 (1978), meaning a "policy, practice, or custom of the entity, or . . . an order by a policy-making officer," causes a constitutional deprivation. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (2012) (quoting Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) and citing Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002)) (internal quotations and citations removed). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691.

Monell liability may be established under section 1983 in one of three ways:

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.' Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy. Whether a particular official has final policy-making authority is a question of state law. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (1992) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) and Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)) (other internal citations omitted). Plaintiff must also demonstrate causation – that "one of the[se] three circumstances . . . was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911,

918 (9th Cir. 1996).

The Supreme Court has made clear that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell," without additional proof "it was caused by an existing, unconstitutional municipal policy, [] attribute[able] to a municipal policymaker." City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985). And, "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." Id.; see also Trevino, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

The Court finds that Counts One through Six cannot withstand CFMG's motion to dismiss. The FAC is devoid of facts connecting CFMG to the allegations in the first four claims; instead, these claims are based solely on the conduct of CFMG's employees, without any connection to CFMG. Counts Five and Six contain vague, sweeping allegations and legal conclusions, which, contrary to Plaintiff's arguments, are wholly insufficient to maintain her *Monell* claims against CFMG; the FAC lacks facts tied to this case substantiating the requisite elements. Accord Dentoni v. Sierra County, No. 2:25-cv-3502, 2026 WL 219007 at *2 (E.D. Cal. Jan. 28, 2026) (finding

plaintiff's *Monell* claims were insufficient, especially since they were based solely on actions employees' actions and included "general, blanket statement[s]" regarding those actions and alleged policies, patterns, or practices underlying them); Williams v. Gorton, 529 F.2d 668 (9th Cir. 1976) ("The allegations in the complaint as to deprivation of constitutional rights were 'vague and conclusory[,]'" compelling dismissal of the plaintiff's § 1983 and § 1985 claim). Like Counts One through Four, Counts Five and Six are not based on any specific conduct or policy, nor do they derive from a causal connection between conduct by CFMG and the injuries suffered by the decedent and/or Plaintiff. Accordingly, Counts One through Six are dismissed as to CFMG. Accord Monell, 436 U.S. at 691; Mendiondo, 521 F.3d at 1104; Iqbal, 556 U.S. at 679.

2. Count One Against CFMG Defendants

In Count One of the FAC, Plaintiff brings a § 1983 claim for "Loss of Parent-Child Relationship" under both the Fourth and Fourteenth Amendments. As Defendants Leon, Schwantz, Boparai-Sekhon, Sandoval, Prabhdeep, Vigil, Mejia, Tse, Singh, Mand, Rios, Purewal, and Patrick-Calvillo ("CFMG Defendants") correctly note, it is well-established that "Fourth Amendment rights are personal rights . . . which may not be vicariously asserted." Plumhoff v. Rickhard, 572 U.S. 765, 778 (2014) (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)) (internal quotations and other citations omitted); see also Mot. at 9 (citing and quoting Ochoa v. City of Mesa, 26 F.4th 1050 (9th Cir. 2022) (reiterating this principle)). Accordingly, the portions of Count One that rely on a theory of liability under

the Fourth Amendment are dismissed. Id.

In order to state a claim "for a due process right to familial association . . . only official conduct that 'shocks the conscious' is cognizable as a due process violation." Porter v. Olson, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)) (other citations omitted). Deliberate indifference "is one subset" of this standard (id.), and "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Lewis, 523 U.S. at 849 (citations omitted). Though Plaintiff argues a number of different treatment decisions should have been made to address medical concerns raised by decedent while in custody, the Court agrees with Defendants that these allegations come nowhere near meeting the constitutional "shocks the conscious" standard; instead, Plaintiff's claims really amount to a disagreement with the way medical care was administered. Accord id. at 848 ("Thus, we have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm."). For these reasons, Count One is dismissed.

3. Counts Two and Four Against Certain CFMG Defendants

Defendants Prabhdeep, Mejia, Purewal, Mand, Singh, Sandoval, Tse, and Patrick-Calvillo separately move to dismiss Count Two, Plaintiff's "Pre-trial Detainee's Claim re Conditions of Confinement Failure to Provide Medical Care" under the Eighth

and Fourteenth Amendments. See Mot. at 10-13. As with Count One, Plaintiff again advances a legal theory of liability that is clearly not cognizable, since claims by pretrial detainees may only be brought under the Fourteenth Amendment Due Process Clause, not the Eighth Amendment. See Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520 (1979)). Accordingly, the portions of Counts Two and Four that rely on a theory of liability under the Eighth Amendment are dismissed.

To maintain a claim for injuries suffered while in custody, "[a] plaintiff must show that prison officials acted with 'deliberate indifference.'" Castro, 833 F.3d at 1068. "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting Board of Cty. Com'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 410 (1997)).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. [] First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. [] Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or

possible medical need and (b) harm caused by the indifference. [] Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. [] Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983." Id. (other quotations and internal citations omitted).

The operative complaint includes only sparse allegations against each of the moving Defendants, especially as to Counts Two and Four. The Court agrees with Defendants: "[T]he FAC is lacking any factual allegation[s or details] to demonstrate that Defendants Prabhdeep, Mejia, Purewal, Mand, Singh, Sandoval, Tse, or Patrick-Calvillo (i) made an intentional decision which put [the decedent] at substantial risk, (ii) failed to take reasonable measures to abate a risk, and/or (iii) caused [her] death. Instead, Plaintiff lumps these defendants together with every other CFMG staff member in conclusory statements that suggest they had notice of [the decedent]'s need for [a specific prescription drug] and that their failure to provide it caused her death." Mot. at 13. Plaintiff's claims fall well short of the "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action", required to maintain her Fourteenth Amendment claims. See Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting Board of Cty. Com'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 410 (1997)). Accordingly, Defendants Prabhdeep, Mejia, Purewal, Mand, Singh, Sandoval, Tse, and Patrick-Calvillo's Motion to Dismiss Counts Two and Four is granted.

4. Count Three Against CFMG Defendants

Plaintiff's Third Cause of Action for "State Created Danger," a section 1983 Fourteenth Amendment claim, names all 13 CFMG Defendants and CFMG. To advance this claim, Plaintiff must demonstrate "state action 'affirmatively place[s] the plaintiff in a position of danger,' that is, where state action creates or exposes an individual to a danger which he or she would have not otherwise faced." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006) (quoting DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 197, 201 (1989) (other citations omitted)). In Kennedy, the Ninth Circuit collected cases and discussed examples of viable claims under a state-created danger theory. Id. at 1061. These included L.W. v. Grubbs, 974 F.2d 119 (9th Cir. 1992), "holding state employees could be liable for the rape of a registered nurse assigned to work alone in the medical clinic of a medium-security custodial institution with a known, violent sex-offender," Penilla v. City of Huntington Park, 115 F.3d 707 (9th Cir.1997), "holding as viable a state-created danger claim against police officers who, after finding a man in grave need of medical care, cancelled a request for paramedics and locked him inside his house," and Munger v. City of Glasgow, 227 F.3d 1082 (9th Cir.2000), "holding police officers could be held liable for the hypothermia death of a visibly drunk patron after ejecting him from a bar on a bitterly cold night." Id.

Plaintiff's allegations are a far cry from the types of cases involving a true "state-created danger," rising to the level of a constitutional violation. The Court agrees with Defendants that Plaintiff lumps together all CFMG defendants, and

under Plaintiff's theory of liability, it appears any issue with medical care received in jail would amount to a state-created danger claim. See Opp'n at 10 ("Defendants affirmatively placed [decedent] in danger when they took over her medical care."). This is not the law. The FAC indiscriminately includes all CFMG Defendants in most paragraphs, making boilerplate, blanket allegations against all at once, without including any specific facts tying acts of each named Defendant to the requisite elements of a state-created danger claim. Accord Martinez v. City of Clovis, 943 F.3d 1260, 1274 (9th Cir. 2019) (noting "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action" is required to sustain a "state-created danger" claim). Because Plaintiff's FAC does not plead a cognizable claim, Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action is granted. Although CFMG also argues Plaintiff has not established CFMG is a state actor for purposes of a state-created danger claim, the Court declines to reach this issue given the other deficiencies in the FAC.

5. Counts Seven and Eight

In their Opposition, Plaintiff concedes her wrongful death and "survivorship" causes of action are derivative of her other, federal § 1983 claims. See Opp'n at 14 ("For the same reasons set forth in detail above, Plaintiff has sufficiently plead [*sic*] a wrongful death cause of action.") Because the Court finds those claims are insufficiently pled, and some not cognizable as a matter of law, Counts Seven and Eight are also dismissed as to moving Defendants Prabhdeep, Mejia, Purewal, Mand, Singh,

Sandoval, Tse, and Patrick-Calvillo.

6. Count Nine Against CFMG and CFMG Defendants

Defendants move to dismiss Plaintiff's "Failure to Provide Immediate Medical Care" claim under California Government Code section 845.6, arguing this statutory section does not apply to CFMG and its employees since it only authorizes claims against public entities and public employees. See Mot. at 16 (citing a number of cases supporting their position). Though Plaintiff claims CFMG and the named CFMG employees are subject to liability under this section, she does not cite any authority supporting her position. See Opp'n at 15. Instead, she relies on West v. Atkins, 487 U.S. 42 (1988), interpreting the application of section 1983 to a government contractor, and Martinez v. Geo Group, Inc., 2019 WL 3758026 (C.D. Cal. Apr. 30, 2019), where there was no challenge or dispute about whether the named defendant was a "public employee" given its "intergovernmental services agreement." None of the cases cited by Plaintiff are analogous or applicable here, nor do they support her novel, sweeping interpretation of Government Code section 845.6. The Court finds Estate of Schuck, and other cases cited by Defendants, persuasive and declines to extend Government Code section 845.6 to CFMG and the CFMG employees. See Estate of Schuck v. County of San Diego, 2024 WL 500711 at *13 (Feb. 8, 2024) (declining to extend section 845.6 to a claim against CHP, "[a]s the California Court of Appeal has held, Section 845.6 is 'very narrowly written to authorize a cause of action against a public entity for its employees' failure to summon immediate medical care only.' Castaneda [v. Dep't of Corrections &

Rehabilitation], 212 Cal. App. 4th [1051,] 1070; cf. Villarreal v. County of Monterey, 254 F. Supp. 3d 1168, 1192–94 (N.D. Cal. 2017) (explaining that a municipality is not vicariously liable under Section 845.6 for the acts of independent contractors because the statute limits liability to the acts of public employees). Accordingly, Defendants' Motion to Dismiss Count Nine is granted.

7. Count Ten Against Certain CFMG Defendants

To maintain her tenth claim for medical negligence, "[P]laintiff[s] must establish: '(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.'" Powell v. Kleinman, 151 Cal.App.4th 112, 122 (2007) (quoting Hanson v. Grode, 76 Cal.App.4th 601 (1999)). As with Plaintiff's other claims, Defendants move to dismiss Count Ten, arguing the vague, tenuous, and conclusory allegations in the FAC are insufficient under Rule 8. See Mot. at 16-18. Although Plaintiff claims she adequately pled "Prabhdeep, Mejia, Pureweal, Mand, Singh, Sandoval, Tse, and Patrick-Calvillo 'failed to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical practitioners would use in the same or similar circumstances'" (Opp'n at 18), the Court disagrees. Plaintiff's claims against Nurse Practitioner Patrick-Calvillo exemplify the deficiencies in the FAC, and this cause of action in particular. Plaintiff's only allegation against Nurse

Patrick-Calvillo is that he or she "delayed one psychiatric appointment," which does not even come close to "plausibly giv[ing] rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Mot. at 17 (citing FAC). The facts in the FAC are wholly insufficient to maintain Plaintiff's tenth claim against Defendants Prabhdeep, Mejia, Pureweal, Mand, Singh, Sandoval, Tse, and Patrick-Calvillo; accordingly, their motion to dismiss Count Ten is granted.

8. Leave to Amend

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)).

The FAC is replete with vague, conclusory, sweeping allegations against CFMG and the moving CFMG Defendants, while at the same time lacking specific factual detail to substantiate the serious claims Plaintiff has attempted to advance in this lawsuit. The Court finds that allowing amendment would be futile, as argued by Defendants, especially since it is well-established a number of the causes of action pled in the FAC are

simply not cognizable. *See*, *e.g.*, *supra* at II.B.2. Accordingly, Defendants' Motion to Dismiss is granted with prejudice.

## II. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss WITH PREJUDICE.

IT IS SO ORDERED.

Dated: October 7, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE